(No. 75-CV-113—)

RONALD M. REED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

RONALD M. REED, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on July 30, 1974, at 1504 East 84th Place, Chicago, Cook County, Illinois. Ronald M. Reed, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims' Compensation Act," *Ill. Rev. Stat. 1973, Ch. 70, §71, et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Ronald M. Reed, age 23, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery." (Ill. Rev. Stat., 1973, Ch. 38, §12-4).

2. That on July 30, 1974, claimant was shot during a robbery attempt by a man in the vestibule of the claimant's home.

3. That statements taken by the police investigators shortly after the crime was committed, present no

substantial evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant has not yet been identified.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. No evidence was presented to indicate that the claimant's injuries were attributable to claimant's "wrongful act or substantial provocation of his assailant."

9. That the victim's average monthly earnings for the six months immediately preceding his injury were $1,296.00 per month, but earnings of only $500.00 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in Sec. 4 of the Act:

". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

That, based on the Court accepted method of calculating salary losses over a portion of a month average monthly income ($500.00) divided by the average

number of days in a month (30.4) multiplied by the number of days out of work (seven months, three days) the claimant's compensable losses due to lost work days may be determined to total $3,549.34.

10. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

1) Hospital ...................................... $9,331.00
2) Medical ......................................... 325.00

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000.00) Twenty-Five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $9,466.00. This amount, plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in §9, leaves an amount of compensable loss, sustained by the claimant of $3,539.34.

It Is Hereby Ordered that the sum of $3,449.34 be awarded to the claimant, Ronald M. Reed, as the innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred-ninety-nine Dollars and ninety-nine cents) be paid immediately from the Court of Claims

Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $2,449.35, be referred forthwith to the General Assembly for its approval.